IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LJ CONSULTING SERVICES, LLC AS ADMINISTRATOR OF THE SHIRLEY T. SHERROD, M.D. P.C. TARGET PENSION PLAN AND TRUST and SHIRLEY T. SHERROD, M.D., P.C. TARGET PENSION PLAN AND TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST INVESTMENT SERVICES, INC.,<br><br>Defendant. | Case No. 19-cv-06763<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a motion for recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. For the reasons stated herein, Plaintiffs' motion for recusal [31] is denied.

I. **Background**

Plaintiffs' complaint against Defendant SunTrust Investment Services, Inc. ("SunTrust") seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The operative complaint is the Third Amended Complaint ("TAC"). (Dkt. 27).[1] Plaintiffs are the Shirley T. Sherrod MD PC Target Benefit Pension Plan and Trust (hereafter, the "Plan") and LJ Consulting Services,

---

[1] Plaintiffs amended their complaint on October 21, 2019 (Dkt. 8), October 24, 2019 (Dkt. 17) (Dkt. 20 is the same as Dkt. 17), and November 6, 2019 (Dkt. 27).

1

LLC, the Administrator of the Plan. (TAC ¶5).[2] SunTrust is now the only defendant.[3] SunTrust holds the Plan assets in an investment account in the name of the Plan. (*Id.* ¶6). Plaintiffs argue that SunTrust is violating ERISA's anti-alienation provision, 29 U.S.C. § 1056(d), and therefore they seek to "enjoin [SunTrust's] wrongful attachment and alienation of the assets of the [Plan]." (*Id.* ¶1).

The present case follows on the heels of a long litigation in Michigan state court that began in 2008 (case no. 08-014212-CK, the "Michigan Action"), in which Dr. Sherman sued Dr. Sherrod and her ophthalmology practice for breach of contract related to the sale of Dr. Sherrod's practice to Dr. Sherman. (*See id.* ¶7; Dkt. 38 at 2). In 2013 the Michigan trial court entered summary judgment in favor of Dr. Sherman and conducted a jury trial on damages. An appeal ensued that resulted in a new trial on the damages issue. *See Sherman v. Sherrod*, 2015 Mich. App. LEXIS 2416 (Ct. App. Dec. 17, 2015). More recently, in September 2019, a jury again entered a verdict in favor of Dr. Sherman, and on November 25, 2019, Dr. Sherrod appealed the Michigan court's denial of Dr. Sherrod's motion for judgment notwithstanding the verdict. (*See* Dkt. 38 at 3–5). SunTrust is refusing to disburse money from the Plan pursuant to the Michigan state court's July 31, 2014 freeze order and a 2019 garnishment. Plaintiffs filed an action in this Court seeking relief in the form of a Temporary Restraining Order (TRO). Following Plaintiffs' filing of the TRO Motion,

---

[2] Dr. Sherrod herself is no longer a Plaintiff in this case. *See* Dkts. 17, 20.

[3] Plaintiffs voluntarily dismissed the Michigan plaintiffs, Dr. Michael Sherman and Michael Sherman D.O., P.C. and plaintiffs' counsel in the Michigan case, Jeffrey Sherman, Sherman P.C. *See* Dkts. 14, 19, 27.

2

this Court held hearings on October 21 and 25, 2019, which give rise to the present motion.

## II.     Discussion

Because "a judge is presumed to be impartial…a party seeking recusal bears a heavy burden." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985). "A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do." *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981). Plaintiffs argue that a reasonable person would believe that this Court is biased and/or prejudiced against Plaintiffs based on the Court's statements at the October 25, 2019 hearing. They argue that recusal is warranted under 28 U.S.C. §§ 144 and 455. The analysis under each statute is similar, although Section 144[4] and Section 455(b)(1) require a showing of actual bias and Section 455(a) does not.[5] *See In re Hook*, 2 F. App'x 521,

---

[4] 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

[5] Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under Section 455(b)(1), "[h]e shall also disqualify himself in the following circumstances: [] Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…"

525 (7th Cir. 2001); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004); *Ramirez v. Elgin Pontiac GMC, Inc.*, 187 F. Supp. 2d 1041, 1045 (N.D. Ill. 2002).

Recusal under Sections 144 and 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) (citation and quotations omitted). "The bias or prejudice must be grounded in some personal animus or malice that the judge harbors … of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, LTD*, 299 F.3d 635, 640 (7th Cir. 2002) (internal citations and quotations omitted).

Section 455(a) "is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process." *Balistrieri*, 779 F.2d at 1204. The standard is objective and "'asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'" *Shakir v. Rend Lake Coll.*, 2009 U.S. Dist. LEXIS 2709, at *1-2 (S.D. Ill. Jan. 13, 2009) (citations omitted). "An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hyper-sensitive or unduly suspicious person." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citation omitted).

In considering the affidavits submitted in support of the recusal motion, the Court assumes the factual statements are true, but those averments:

> must not, however, be mere conclusions, opinions, or rumors…They must be stated with particularity, and must be definite as to times, places, persons, and circumstance. The factual averments must show that the bias is personal rather than judicial…and that it stems from an

4

extrajudicial source -- some source other than what the judge has learned through participation in the case.

*Balistrieri*, 779 F.2d at 1199 (internal citations and quotations omitted). "[W]hile a court must assume the truth of the factual assertions, it is not bound to accept the movant's conclusions as to the facts' significance." *Hoffman*, 368 F.3d at 718. As discussed below, Plaintiffs have not met their heavy burden to show recusal is warranted either based on evidence of an actual bias or a reasonable perception of impartiality.[6]

In preparation for the hearing on Plaintiffs' motion for a TRO and in order to understand the procedural history of the Michigan litigation as well as litigation in this courthouse related to the Plan at issue, the Court reviewed the parties' filings in this case, the dockets in *Scalia v. Sherrod*, 16-cv-4825 (N.D.Ill.) and *Johnson v. Merrill Lynch,* 12-cv-2545 (N.D.Ill.), and Seventh Circuit's ruling in *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601 (7th Cir. 2013).[7] *Johnson* involved the same Plan and the Plan's then-administrator, Leroy Johnson, suing the

---

[6] There are procedural deficiencies with Plaintiffs' submission. Section 144, which is "strictly construed" (*Balistrieri*, 779 F.2d at 1199), limits a party to filing "*only one*" affidavit." 28 U.S.C. § 144 (emphasis added). Plaintiffs filed two affidavits. (Section 455, by contrast, does not have the same one affidavit rule. *See Balistrieri*, 779 F.2d at 1200 n.6.) In addition, the affidavits were filed and signed by Shirley Sherrod and Leroy Johnson, neither of whom is a party to this lawsuit. Section 144 requires the filing of an affidavit by "a party" to the proceeding. 28 U.S.C. § 144; *In re Milwaukee & Sawyer Bldg. Corp.*, 79 F.2d 478, 479 (7th Cir. 1935). Nevertheless, the Court takes seriously the contents of both affidavits.

[7] There was also the issue of the impact of an automatic stay in the Michigan action due to Dr. Sherrod's professional corporation filing for bankruptcy in the South Carolina Bankruptcy Court. In their initial complaint, Plaintiffs asserted that "Shirley T. Sherrod MD PC filed for relief under Chapter 11 of the United States Bankruptcy Code in South Carolina on October 8, 2019." (Dkt. 1). It was actually a Chapter 13 filing. The bankruptcy case has since been dismissed, in part because it was improper for a professional corporation to seek relief under Chapter 13. (*See* 19-05309-jw, Dkt. 35).

Plan's then-custodian, Merrill Lynch for refusing to make distributions to Dr. Sherrod because of the same ongoing litigation in Michigan state court. *See id*. at 602. From this review, this Court reached the unavoidable conclusions that (1) the Michigan litigation has been very drawn out with no end in sight; (2) Dr. Sherrod was frustrated as far back as 2012 (8 years ago) by the Plan's inability to make distributions because of the ongoing Michigan litigation; and (3) the U.S. Department of Labor has lodged serious allegations about the Plan's management. Plaintiffs argue that the Court should recuse itself because it made untrue statements at the October 25, 2019 hearing and because it encouraged Dr. Sherrod to settle the underlying Michigan litigation.

**A. The Court's Comments about Settlement**

Plaintiffs argue that the Court "instruct[ed] Dr. Sherrod to pay or settle with Sherman" by "advocating for her desired result by instructing Dr. Sherrod to 'pay the piper' or 'offer 75 cents on the dollar'." (Dkt. 38 at 13). At the end of the hearing on October 25, this Court did encourage Plaintiffs to consider resolving the Michigan action. As stated at the outset, a brief review of this matter established that the Michigan litigation has been very drawn out and it has frustrated Dr. Sherrod for several years in terms of not allowing her access to her pension benefits. Encouraging parties to resolve the underlying matter—a matter not even before the Court—was a common sense and important comment for a judicial officer to make. Undoubtedly, the Court could have delivered that message in a more judicious fashion. But the fact that the Court suggested resolving the Michigan legal battle does not suggest bias.

6

Plaintiffs contend that Dr. Sherrod deciding not to resolve her Michigan judgments "may impair this Court's impartiality because the Court may resent her for disagreeing." (Dkt. 38 at 15). Plaintiffs' speculation is unfounded. The Court did not make any statement about what Plaintiffs should do in *this* case or the merits of *this* case. Indeed the Court held the continued status on October 25 in order to understand from SunTrust the status of the accounts at issue and to determine whether briefing on potentially complex and important issues about this Court's jurisdiction and ERISA was needed: "I'm mostly concerned about my jurisdiction vis-à-vis the state court, but I'm also concerned about my obligation to protect the ERISA monies. So I understand there's important considerations here…" (October 25, 2019 Transcript (Dkt. 34) ("Tr.") at 28).

Because the Court was encouraging Plaintiff to consider resolving litigation pending in Michigan state court, it would be difficult to view the Court's statements as expressions of doubt about the strength of *this* case or frustration with Plaintiffs' counsel about *this* case. However, even a judge's "expressions of doubts about the strength of a case do not establish bias or partiality." *Montgomery v. Vill. of Posen*, 711 F. App'x 343, 345 (7th Cir. 2018) (citations omitted). As the Supreme Court has explained: "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). *See also Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.*, 2000 U.S. Dist. LEXIS 2693, at *36 (N.D. Ill. Feb. 29, 2000) ("A judicial expression of

7

impatience or annoyance with an attorney's conduct does not automatically establish bias or partiality.").[8] The Court's comments encouraging resolution of the underlying Michigan matter do not provide a basis for recusal.

**B. The Court's Alleged Inaccurate Statements**

Plaintiffs argue that the Court made misstatements at the October 25 hearing that (1) Dr. Sherrod was the only person who received money from the Plan; (2) Judge Wood froze the Plan because of misuse of funds; and (3) the Michigan court froze the Plan because of misuse of pension assets. These are not compelling evidence of actual bias nor could a reasonable person perceive the comments to mean there is a significant risk that the Court will resolve this case on any basis other than the merits.

The Court did say that it understood Dr. Sherrod was the only Plan participant to withdraw funds. (Tr. at 26). The Court believed that to be true because in *Johnson*, 719 F.3d at 607, the Seventh Circuit noted: "The Plan administrator alleges in his brief that Merrill Lynch went above and beyond the order by freezing distributions to all eighteen Plan participants, and not just to Sherrod. But this allegation is simply not true. Throughout the pendency of this suit, Sherrod is the only participant in the Plan who has requested a distribution." Furthermore, according to the Department

---

[8] Plaintiffs rely on *In re United States*, 572 F.3d 301 (7th Cir. 2009), a criminal case where the judge held an off-the-record meeting with the United States Attorney and Federal Defender and suggested a specific plea bargain. *Id.* It is well-settled that a judge suggesting a particular plea for a defendant violates Federal Rule of Criminal Procedure 11 and compromises his or her impartiality. *Id.* at 310–11. The comparison to this case is not convincing. This is a civil case in which the Court made a comment, on-the-record, about the possibility that a different civil case might be settled.

8

of Labor, as of the filing of *Scalia v. Sherrod*, 16-cv-4825, in April 2016 no participant other than Dr. Sherrod had received a distribution from the Plan. However, Dr. Sherrod's affidavit explains that the Plan has "had unrestricted access" to the account and has "paid Pension Plan participants, which include myself and others" since 2016.[9] (Sherrod Aff., Dkt. 38-1, Exh. A, ¶29, also ¶¶22 & 27). So according to Dr. Sherrod, since sometime in 2016, the Plan has made distributions to other Plan participants.

Plaintiffs do not explain how this Court's misunderstanding of a fact, two weeks after the case was filed, shows any personal bias against Plaintiffs stemming from "some source other than what the judge has learned through participation in the case." *Balistrieri*, 779 F.2d at 1199. *See also Grove Fresh Distribs., Inc.*, 299 F.3d at 641 ("Absent compelling evidence of a personal and extrajudicial prejudice against Messina, [the judge's] conduct did not warrant recusal."). The Court's remark was not a ruling on any issue. Even if it was, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. *See also In re Nora*, 778 F.3d 662, 666 (7th Cir. 2015) (same). This is not a basis for the Court to consider recusal.

Next, Plaintiffs claim that this Court inaccurately stated that "now you've got two judges telling you that the accounts are frozen. Two judges are concerned about the way this money is being spent. And you have the Department of Labor looking at the

---

[9] It is difficult to reconcile this statement with the fact that the Michigan state court has had a freeze on the Plan account since 2014. But the Court accepts Dr. Sherrod's statements for purposes of this Motion.

way this money is being spent." (Tr. at 24). The Court was wrong when it indicated that Judge Wood who is presiding over *Scalia v. Sherrod*, 16-cv-4825, had issued an order freezing the disbursement of funds. In reviewing the various dockets where the Plan is the subject of litigation, the Court erroneously concluded that Judge Wood had placed a hold on the ERISA account in light of the Department of Labor's allegations that the Fund, as administered by Dr. Sherrod and then Mr. Leroy Johnson, failed to properly report distributions to Dr. Sherrod of over $500,000 between 2012 and 2014. (*See Scalia v. Sherrod*, 16-cv-4825, Compl. at ¶¶ 17, 20 & 24). But again, Plaintiffs do not explain how this Court's misunderstanding of whether Judge Wood had frozen the account shows any personal bias against Plaintiffs. Particularly since the pension account was frozen by the Michigan state judge.[10]

The Court then said that "you've got a judge in Michigan and you've got two judges in this building saying this money is going to be held until two state court juries who issued judgments…" (Tr. at 24–25). There is nothing improper about this statement. The Michigan court has frozen the account, presumably until the state juries' verdicts are satisfied. Further, the late Judge Darrah (in a case procedurally similar to this one) granted Merrill Lynch's dismissal motion where Plaintiff's alleged injury was caused not by Merrill Lynch but "by the Michigan state court's ruling regarding the freezing of assets." *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2012 U.S. Dist. LEXIS 169149 (N.D. Ill. Nov. 28, 2012), *aff'd* 719 F.3d 601 (7th Cir. 2013). There

---

[10] Though Plaintiffs believe that the Michigan freeze order is no longer valid or that this Court should invalidate it.

10

have been two judges who have found that the money in the Plan is "going to be held until two state court juries" judgments are satisfied.

Plaintiffs can disagree with this Court's orders (Plaintiffs filed a notice of appeal on November 1), but that disagreement, whether with the orders or manner of ruling, does not warrant recusal. *See Liteky*, 510 U.S. at 555; *In re Hook*, 2 F. App'x at 525 (rejecting argument that Judge's manner of ruling demonstrated bias). Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Plaintiffs have not provided evidence of any deep-seated favoritism or antagonism that would make fair judgment by this Court impossible.

**C. Dr. Sherrod's Claim of Racism**

At the end of her affidavit, Dr. Sherrod states:

> The most troubling concern to me was a comparison to myself and the administration was the nexus to piggybank or barnyard animals in the court's opinion as to our abilities to administer a pension plan we created…In view of someone who calls us pigs/piggybank, the demeanor and hatred exhibited causes me to believe that the court is a racist person who should not sit on the federal bench who exhibited an intent to destroy me and the Plan and our trust.

(Sherrod Aff., ¶34). Dr. Sherrod does not cite to any particular statement by the Court in support of this conclusion. This accusation is unsupported by any evidence or detail about "times, places, persons, and circumstance." *See Balistrieri*, 779 F.2d

at 1199.[11] Further, neither Plaintiffs' motion (Dkt. 31) nor memorandum (Dkt. 38) mention Dr. Sherrod's belief that the Court is racist as a basis for the recusal motion. That argument is waived. *See Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009) ("Unsupported and underdeveloped arguments are waived.") (citations and quotations omitted).

### III. Conclusion

For the reasons stated, Plaintiffs have not met their burden to show that recusal is warranted. Plaintiffs' motion for recusal [31] is denied.

E N T E R:

Dated: January 27, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

---

[11] Although Dr. Sherrod cites no transcript or order in support, the Court notes that at the October 21 hearing, the Court stated, "If the Department of Labor convinces Judge Wood that that fund has not been properly managed and has been used as your client's private piggy bank, that fund is going to be in trouble…But that's not before me." (Dkt. 33, Oct. 21 Tr. at 13). Assuming this is the statement referenced, Dr. Sherrod does not explain how this statement demonstrates racism or any personal animus. And it does not show that there is any risk that the Court will resolve *this* case on a basis other than the merits.

12