# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LJ CONSULTING SERVICES, LLC
AS ADMINISTRATOR OF THE
SHIRLEY T. SHERROD, M.D. P.C.
TARGET PENSION  PLAN AND
TRUST and SHIRLEY T. SHERROD,
M.D., P.C. TARGET PENSION PLAN
AND TRUST,

Plaintiffs,

v.

SUNTRUST INVESTMENT
SERVICES, INC.,

Defendant.

Case No. 19-cv-06763

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Defendant SunTrust Investment Services, Inc. ("SunTrust") moves for dismissal of this lawsuit with prejudice under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, SunTrust's Rule 12(b)(1) motion [35] is granted based on Plaintiffs' lack of Article III standing.

## I.    Background

Plaintiffs' complaint against SunTrust seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The operative complaint is the Third Amended Complaint ("TAC"). (Dkt. 27).[1] Plaintiffs are the Shirley T. Sherrod MD PC Target Benefit Pension Plan and Trust (hereafter,

---

[1] Plaintiffs amended their complaint on October 21, 2019 (Dkt. 8), October 24, 2019 (Dkt. 17) (Dkt. 20 is the same as Dkt. 17), and November 6, 2019 (Dkt. 27).

1

the "Plan") and LJ Consulting Services, LLC, the Administrator of the Plan. (TAC ¶5).[2] SunTrust is now the only defendant.[3] SunTrust holds the Plan assets in an investment account in the name of the Plan. (*Id.* ¶6). Plaintiffs argue that SunTrust is violating ERISA's anti-alienation provision, 29 U.S.C. § 1056(d), and therefore they seek to "enjoin [SunTrust's] wrongful attachment and alienation of the assets of the [Plan]." (*Id.* ¶1).

The present case follows on the heels of lengthy litigation in Michigan state court that began in 2008, in which Dr. Sherman sued Dr. Sherrod and her ophthalmology practice for breach of contract related to the sale of Dr. Sherrod's practice to Dr. Sherman. (*See id.* ¶7; and Wayne County Circuit Court of Michigan, case no. 08-014212-CK, the "Michigan Action"). The defendants in the Michigan Action are Dr. Sherrod individually and her former medical practice. (hereafter, "Michigan Defendants"). In 2013, the Wayne County Circuit Court entered summary judgment in favor of Dr. Sherman and conducted a jury trial on damages. On July 31, 2014, the trial court entered an order, which among other things, prohibited Michigan Defendants or anyone acting on their behalf from "sell[ing], transfer[ing], assign[ing],....or otherwise dispos[ing] of any Trust Assets in any manner, pending further order of this court." (Dkt. 35-2, Exh. B, hereafter "2014 freeze order"). The order defined the "Trust" as the Shirley T. Sherrod MD PC Target Benefit Pension

---

[2] Dr. Sherrod herself is no longer a Plaintiff in this case. *See* Dkts. 17, 20.

[3] Plaintiffs voluntarily dismissed the Michigan plaintiffs, Dr. Michael Sherman and Michael Sherman D.O., P.C. and plaintiffs' counsel in the Michigan case, Jeffrey Sherman, Sherman P.C. *See* Dkts. 14, 19, 27.

Plan and Trust. After a 2014 trial, the Michigan Defendants appealed several of the trial court's orders, including the 2014 freeze order and the order holding Dr. Sherrod in contempt for violating the 2014 freeze order. *See Sherman v. Sherrod*, 2015 Mich. App. LEXIS 2416 (Ct. App. Dec. 17, 2015). The appellate court affirmed the freeze order and contempt order, as well as an award of attorney's fees to Michigan plaintiffs. *Id.* Although the appellate court stated there was "no uncertainty as to the fact of damages concerning defendants' breach of contract", it remanded for a new trial on damages because the trial court should have allowed evidence about the amount of damages attributable to the breach. *Id.* at *14–15.[4]

More recently, in September 2019, a jury again entered a verdict in favor of Dr. Sherman, and on November 25, 2019, Dr. Sherrod appealed the Michigan court's denial of Dr. Sherrod's motion for judgment notwithstanding the verdict. (*See* Dkt. 38 at 3–5). SunTrust is refusing to disburse money from the Plan pursuant to the Michigan state court's July 31, 2014 freeze order and a 2019 garnishment. Plaintiffs argue in this court that SunTrust is violating ERISA.

## II. Standard

### A. Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chi. v.*

---

[4] In 2017, the Michigan Supreme Court denied Michigan Defendants' application for leave to appeal the appellate court's December 17, 2015 judgment. *Michael S. Sherman, D.O., P.C. v. Shirley T. Sherrod, M.D., P.C.*, 500 Mich. 999, 902 N.W.2d 293 (2017); 501 Mich. 865, 903 N.W.2d 395 (2017).

*Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). "[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence." *Boutte v. Nw. Med. Faculty Found.*, 276 F. App'x 490, 491 (7th Cir. 2008) (citation and quotations omitted). Where there is a factual challenge to jurisdiction, a court may look beyond the jurisdictional allegations of the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citations and internal quotations omitted). Where the challenge is facial, defendant argues that taking plaintiff's allegations as true, those allegations are insufficient to establish jurisdiction. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Here, the Court permitted Plaintiffs to take discovery in order to respond to SunTrust's motion to dismiss (*see* Dkt. 37), the parties submitted evidence outside of the pleadings and Plaintiffs construe SunTrust's motion as a factual challenge, so the Court construes it as such.

## B. Standing

"Article III of the Constitution limits our review to actual 'Cases' and 'Controversies' brought by litigants who demonstrate standing. The 'irreducible constitutional minimum of standing' consists of three elements: injury in fact, causation, and redressability. The plaintiff bears the burden of establishing each element." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "[T]he injury has to be fairly . . . trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. at 560 (quotations and citation omitted). A

plaintiff does not have Article III standing if the injury "results from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42, 96 S. Ct. 1917, 1926 (1976). "Standing requires that the plaintiff establish an 'injury in fact' caused by the defendant and redressable by the court." *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 650 (7th Cir. 2014) (citation omitted).

## III. Discussion

SunTrust argues for dismissal under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, Plaintiffs lack Article III standing, and because of the doctrine of forum non conveniens. Alternatively, SunTrust seeks dismissal under Rule 12(b)(6) for failure to state a claim based on the brokerage account agreement. The Court finds that Plaintiffs lack Article III standing and therefore this Court does not have subject matter jurisdiction over this case.

## A. The Pension Plan

Plaintiffs allege that SunTrust's "actions completely prevent the Plan from administering the Pension Plan, from distributing benefits to participants and from paying Plan expenses according to the Plan's terms. Plaintiffs cannot fulfill their fiduciary duties as a result of Defendant's actions." (TAC ¶32). However, Plaintiffs have not shown that they have met the requirements of Article III standing because their alleged injury was caused by the Michigan court's 2014 freeze order, not by SunTrust. *See Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 602 (7th Cir. 2013) (injury fairly traceable to Michigan state court order, not to

defendant Merrill Lynch); *see also Intercounty Judicial Sales Corp. v. Cty. of Lake*, 2014 U.S. Dist. LEXIS 110720, at *8 (N.D. Ill. Aug. 7, 2014) (finding no Article III standing because Illinois state court, not defendants, was responsible for appointment of judicial sales officers, and defendants were "simply following court orders, something they of course are required to do").

As to the 2014 freeze order, Plaintiffs assert that the order "became a nullity once the MI COA reversed, in part, the March 5, 2014 final judgment." (Dkt. 43 at 5). To the contrary, the Michigan Court of Appeals *rejected* the Michigan Defendants' challenge to the 2014 freeze order. *Sherman*, 2015 Mich. App. LEXIS 2416, at *32–33.[5] The court also rejected the Michigan Defendants' challenge to the trial court's order holding Dr. Sherrod in contempt for violating the 2014 freeze order. *Id.* at 33–36. And the Michigan Supreme Court denied Michigan Defendants' petition for leave to appeal the Court of Appeals' ruling. On one hand, Plaintiffs assert that the 2014 freeze order was voided by the Michigan court based on a mischaracterization of the Michigan Court of Appeals' ruling. On the other hand, Plaintiffs ask this Court to declare the order void based on ERISA. (TAC ¶33).

---

[5] Ruling on defendants' appeal of the 2014 freeze order, the Michigan court of appeals explained that the freeze order "does little more than require defendants to provide information to allow such a determination [that the Trust account is exempt from execution under ERISA] and to prevent any transfer of Trust assets until the determination may be made…Defendants assert that under both Michigan and federal law, a judgment creditor is precluded from executing on a qualified pension plan. While that may be true, MCL 600.6104 explicitly provides that '[t]he court may permit the proceedings under this chapter to be taken although execution may not issue and other proceedings may not be taken for the enforcement of the judgment.' Given the lack of any meaningful argument or support from defendants, the fact that plaintiffs had an outstanding judgment against defendants at the time the July 31, 2014 order was issued, the fact that the order did not call for satisfaction of the judgment out of the Trust, and the explicit language of MCL 600.6104, the trial court did not abuse its discretion in issuing the order." *Id.*

To argue that they have standing, Plaintiffs contend that their dispute with SunTrust is about whether the Plan is "subject to satisfaction of the judgments in the Michigan Action." (Dkt. 43 at 11). But Plaintiffs have not alleged or provided evidence that SunTrust has taken any position or action related to using the Plan to satisfy the Michigan judgments. SunTrust does not oppose unfreezing the account, but it will not do so because of the 2014 freeze order. (Dkt. 35 at 6). The Seventh Circuit already determined that the custodian of this trust account was not free to ignore the Michigan freeze order. In *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* addressing the same argument that the bank should have ignored the Michigan court order, the Court held:

> the Plan administrator seems to think that Merrill Lynch should have ignored the Wayne County Circuit Court order if it truly believed that the order was in violation of federal ERISA law. But in such instances, the directive of Michigan law is clear: 'A party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date.'

719 F.3d 601, 606-07 (7th Cir. 2013) (citation omitted).

Plaintiffs contend that *Johnson v. Merrill Lynch* is distinguishable because unlike Merrill Lynch, SunTrust in this case "failed to agree with Plaintiffs' position in responding to the Writs of Garnishment [and also] wrongfully froze the entire Pension Plan's brokerage account and Shirley Sherrod's account, which Plaintiffs contend contains Plan assets, when it was served with the Writs of Garnishment." (Dkt. 43 at 11). The Seventh Circuit in the *Johnson* case did note that Merrill Lynch supported the Plan administrator when the Plan administrator filed a motion to

quash the garnishment proceeding and even agreed to a proposed order which "would have granted Sherrod immediate relief from the freeze," if Dr. Sherrod had not later objected to that order. 719 F.3d at 603–04. In holding that plaintiffs lacked Article III standing, however, the Seventh Circuit was clear: "Merrill Lynch is not responsible for the freeze on the Plan account; the Wayne County Circuit Court judge is responsible for the freeze." *Id*. at 606. Similarly, here, the Wayne County Circuit Court judge ordered the freeze on the Plan, not SunTrust.

When served with garnishment documents, SunTrust indicated that the money in the Plan ($533,738.67) would be withheld pursuant to the garnishment, rather than indicating that the money in the Plan is exempt ("checking box '2(c)'") (*see* Dkt. 45-1, Ex. A). Plaintiffs rely on this action by SunTrust to argue that SunTrust, not the Michigan court, caused their injury. However, even if this argument had any merit in the face of the freeze order, on October 24, 2019, the Michigan Plaintiff, Dr. Sherman, released that garnishment order on the Plan. (Dkt. 35 at 2 and Exs. C and D). So the money in the Plan is frozen in compliance with the Michigan court freeze order not because of any garnishment. Plaintiffs do not have a controversy with SunTrust with respect to the monies in the Plan.

## B.  Dr. Sherrod's Personal Account

As to the funds in Dr. Sherrod's personal account, SunTrust argues that Plaintiffs cannot seek protection under ERISA's anti-alienation provision for those funds since they were paid from the Plan to Dr. Sherrod as a beneficiary.[6] (Dkt. 45 at 6). Plaintiffs

---

[6] The record in this case has not been developed as to why the funds were transferred from the Plan to Dr. Sherrod's personal account in light of the Michigan court's freeze order.

allege that those funds are the "property of the Pension Plan" and were transferred to Dr. Sherrod's personal savings account to pay Plan expenses. (TAC ¶14). This Court agrees with SunTrust. *See N.L.R.B. v. HH3 Trucking, Inc.*, 755 F.3d 468, 470 (7th Cir. 2014) (pension plan benefits could be garnished after they had been paid out to the beneficiaries). And SunTrust Bank, a separate entity from SunTrust Investment Services Inc., and not a party in this case, is complying with the legal proceedings in the Michigan case by responding to the garnishment writ on this personal account. (*see* Dkt. 43-1). In any event the alleged injury is not traceable to the defendant in this case, SunTrust Investment Services.[7]

## C. Declaratory Judgment Act

Finally, Plaintiffs argue that they seek relief under the Declaratory Judgment Act (DJA). They seek a declaration from this Court that SunTrust "cannot attach, hold, alienate, and/or dispose of any Pension Plan's monies/assets including the monies in the Plan's account No. SC1-153375 in order to satisfy the Judgment"; that "Plaintiffs have a right to and that Defendant cannot attach, hold, alienate, and/or dispose of any of the Pension Plan's monies/assets in account no. ending in 7626"; and "that the July 31, 2014 Order and any further attempts to garnish, seize, transfer and/or dispose of the Pension Plan's assets to satisfy the Judgment are preempted by ERISA and/or violate the terms of the Pension Plan." (TAC ¶33).

---

[7] The 2019 garnishment on Dr. Sherrod's personal account and SunTrust Bank's garnishee disclosure were attached as Exhibits A6 and A7 to Plaintiffs' memorandum in support of recusal (Dkt. 38-1).

However the DJA "provides a remedy, not an independent source of subject-matter jurisdiction. Therefore, a declaratory-judgment action must satisfy Article III's case-or-controversy requirement." *Asius Techs., LLC v. Sonion US, Inc.*, 835 F. Supp. 2d 554, 558 (N.D. Ill. 2011) (internal citations and quotations omitted). *See also Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 777 (7th Cir. 2013) (affirming dismissal of plaintiff from declaratory-judgment action for lack of standing). Plaintiffs stress that the July 2014 freeze order is preempted by ERISA and that the Plan is exempt from garnishment, but they still have not demonstrated the "irreducible constitutional minimum of standing" (*Lujan*, 504 U.S. at 560) to bring this suit against SunTrust in this case. *See Johnson,* 719 F.3d at 603 n.1 (deciding plaintiff lacked standing without deciding whether Plan was actually an ERISA-qualified account). For the reasons discussed, Plaintiffs have not shown that SunTrust caused their injury and they have not met their burden to demonstrate Article III standing. Thus there is no relief under the DJA this Court could provide.[8]

---

[8] Because this Court finds Plaintiffs lack standing, it need not address SunTrust's other arguments for dismissal. The Court notes, however, that Plaintiffs' complaint raises serious *Rooker-Feldman* concerns. *See Commonwealth Plaza Condo. Ass'n v. City of Chi.*, 693 F.3d 743 (7th Cir. 2012); *see also Christopoulos v. Trout*, 343 F. Supp. 3d 812, 822 (N.D. Ill. 2018) ("Even if ERISA permitted [beneficiaries] a second bite at the apple [in federal court], *Rooker-Feldman* would snatch it from their grasp."); *Robbennolt v. Washington*, 626 F. App'x 155, 156 (6th Cir. 2015) (in plaintiff's challenge brought pursuant to ERISA's anti-alienation provision, 29 U.S.C. § 1056(d), ruling that state court order must be left undisturbed); *Strobel v. Dillon*, 2011 U.S. Dist. LEXIS 130969, at *25 (E.D. Mich. Nov. 14, 2011) (*Rooker-Feldman* prevented court from deciding if state court order is violative of ERISA).

## IV. Conclusion

For the reasons stated, SunTrust's Rule 12(b)(1) motion to dismiss [35] granted. This case is dismissed for lack of subject matter jurisdiction. Civil case terminated. Parties are directed to notify the Seventh Circuit Court of Appeals in the pending appeal in case no. 19-3223 of this ruling in writing within 14 days of this order.

E N T E R:

Dated: January 29, 2020

MARY M. ROWLAND
United States District Judge